PEOPLE v ROBERT LEWIS (ON REMAND)

Docket No. 50765. Submitted April 3, 1980, at Lansing.—Decided May
9, 1980. Leave to appeal applied for.

Robert H. Lewis was convicted of bringing whiskey and mari-
juana into prison, Jackson Circuit Court, Russell E. Noble, J.
He appealed and his conviction was affirmed. He then applied
for leave to appeal to the Supreme Court which, in lieu of
granting leave, vacated the decision of the Court of Appeals
and remanded the case, directing the Court of Appeals to
address the issues of whether an inmate of a prison can be
convicted of bringing contraband into the prison and whether
there was sufficient evidence of guilt of a principal to convict
the defendant as an aider and abettor, 408 Mich 874 (1980).
The defendant also alleges: error in the jury instructions, no
evidence of distributing contraband to others, and that the
statute under which he was convicted violates the title-object
clause of the Michigan Constitution. *Held:*

1. The defendant was properly convicted of bringing the
contraband into the prison because in the scheme employed to
smuggle it in the defendant was directly responsible for the
bringing in of the contraband.

2. There was sufficient evidence to convict the defendant as a
principal. Therefore, the argument that there was insufficient
evidence to convict him as an aider and abettor is without
merit.

3. The trial court's instruction regarding aiders and abettors
was not objected to at trial. In the absence of manifest injus-
tice, review of this issue is precluded.

4. Distribution of contraband to other inmates is not an
element of the offense charged.

5. The statute under which the defendant was convicted does
not violate the title-object clause of the Constitution.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 60 Am Jur 2d, Penal and Correctional Institutions § 41 *et seq.*
73 Am Jur 2d, Statutes §§ 157, 158, 300, 303.
[2] 5 Am Jur 2d, Appeal and Error §§ 623, 891 *et seq.*
[3] 73 Am Jur 2d, Statutes §§ 99, 100.

1. PRISONS AND PRISONERS — STATUTES — CONTRABAND.

   The statute which prohibits the bringing of certain contraband into prisons is designed to keep contraband out of prison, not to punish a particular group of people; therefore, an inmate, as well as an outside supplier, may be punished under the statute (MCL 800.281; MSA 28.1621).

2. APPEAL — INSTRUCTIONS TO JURY — PRESERVING QUESTION.

   Appellate review of an alleged error in the trial court's instructions to the jury is precluded where no objection to the instructions was made at trial, unless there is manifest injustice.

3. PRISONS AND PRISONERS — CONTRABAND — CONSTITUTIONAL LAW — STATUTES.

   The statute which prohibits the bringing of certain contraband into prisons does not violate the title-object clause of the Michigan Constitution (Const 1963, art 4, § 24, MCL 800.281; MSA 28.1621).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Janet Tooley,* Assistant State Appellate Defender, for defendant on appeal.

Before: DANHOF, C.J., and V. J. BRENNAN and H. R. CARROLL,* JJ.

## ON REMAND

PER CURIAM. Defendant was convicted of bringing whiskey and marijuana into a prison, contrary to MCL 800.281; MSA 28.1621. He was sentenced to three years, four months to five years imprisonment. Defendant appealed as of right to this Court which affirmed his conviction in an unpublished memorandum opinion. *People v Lewis,* (Docket No. 77-599, released July 27, 1979). Defendant applied

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

for leave to appeal to the Michigan Supreme Court. In lieu of leave to appeal that Court vacated this Court's judgment and remanded the case to this Court with the direction that we address two issues raised before this Court but not specifically dealt with in our prior opinion. 408 Mich 874 (1980).

Defendant argued that, as a matter of law, an inmate who does not leave prison cannot be convicted of bringing liquor and drugs into prison. Defendant claimed that he, as a convict, is not within the class of offenders described in the statute; he believes only outside suppliers are to be punished under the statute. We disagree.

The intent of MCL 800.281; MSA 28.1621, is to prohibit bringing enumerated contraband into prisons. It is designed to keep contraband out of prison, not to punish a particular group of people. *Cf., People v Kyllonen*, 402 Mich 135; 262 NW2d 2 (1978). Defendant's behavior was clearly proscribed by the statute because he employed agents to pick up whiskey and marijuana outside of the prison and smuggle it inside in garbage trucks. Others would unload the contraband, repackage it and deliver it to defendant. Thus, defendant was directly responsible for "bringing" the contraband into the prison.

Defendant also argued that there was insufficient evidence of guilt of a principal so defendant could not be convicted as an aider and abettor, that the trial court erred in instructing the jury on aiding and abetting, and that there was no evidence of furnishing contraband to other inmates.

The people submitted this case to the jury on the theory that defendant was guilty of bringing contraband into the prison as a principal or, in the

alternative, as an aider and abettor. First of all, we reject defendant's argument that the evidence was insufficient because we find sufficient evidence to convict him as a principal. Secondly, the evidence established that an inmate garbage truck driver knowingly brought whiskey and marijuana into the prison at the direction of defendant. There was sufficient evidence to hold this inmate guilty as a principal.

We also reject defendant's instructional claim. Since defendant did not object at trial, appellate review is precluded absent manifest injustice. *People v Parker,* 76 Mich App 432, 452; 257 NW2d 109 (1977). We find no manifest injustice because the jury was properly instructed that they had to find a principal guilty of the charged offense beyond a reasonable doubt before finding defendant guilty as an aider and abettor.

Further, no evidence of distributing contraband to other inmates is required because distribution to others is not an element of the offense charged. Similarly, no jury instruction to that effect is required.

Finally, we again hold defendant's original argument that MCL 800.281; MSA 28.1621 violates the title-object clause of the Michigan Constitution, Const 1963, art 4, § 24, to be without merit. Defendant's reliance on *People v Stanton,* 400 Mich 192; 253 NW2d 650 (1977), is misplaced. *Stanton* held that the 1972 amendment, proscribing possession by a convict of a weapon, exceeded the scope of the title and was thus unconstitutional. It did not affect the rest of the statute, under which defendant was charged.

Affirmed.

H. R. CARROLL, J., did not participate.