PEOPLE v MAXSON

Docket No. 109497. Submitted June 7, 1989, at Lansing. Decided August 24, 1989.

Carl Maxson was convicted of possession of metallic knuckles after a bench trial in Jackson Circuit Court, Kevin J. Daly, J. Defendant subsequently pled guilty of being an habitual offender, third offense. Defendant appealed.

The Court of Appeals *held:*

1. Defendant's claim that the prosecutor abused his discretion and denied him equal protection by prosecuting ordinary citizens, but not inmates of the State Prison of Southern Michigan at Jackson, for the instant offense is without merit. Defendant failed to establish that he was "singled" out for prosecution while others similarly situated were not prosecuted, or that his prosecution was based on an impermissible ground such as the exercise of a fundamental right. Prison inmates and ordinary citizens are not similarly situated and there is not a fundamental right to possess metallic knuckles.

2. The trial court did not abuse its discretion in admitting evidence that a fight was about to occur at the time of defendant's arrest. Such evidence was properly admissible as part of the res gestae of the crime.

3. Although the statute proscribing the possession of metallic knuckles does not define what metallic knuckles are, this Court will not disagree with the trial court's determination that the metallic knuckles found in defendant's possession are within the statute's proscription, given the trial court's superior position to evaluate the evidence.

Affirmed.

Prosecuting Attorneys — Charging Functions — Equal Protection.

A two-prong test is used in determining whether a particular prosecution violates the Equal Protection Clause; first, it must

References
Am Jur 2d, Criminal Law §§ 833, 834.
See the Index to Annotations under Discrimination; Equal Protection of Law; Prosecuting Attorneys.

be shown that the defendant was "singled" out for prosecution while others similarly situated were not prosecuted for the same conduct; second, it must be established that this discriminatory selection in prosecution was based on an impermissible ground such as race, sex, religion or the exercise of a fundamental right.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph F. Filip,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Chief Appellate Attorney, for the people.

*Ray Gennick,* for defendant.

Before: DANHOF, C.J., and HOOD and MARILYN KELLY, JJ.

PER CURIAM. Following a bench trial in Jackson Circuit Court, defendant was convicted of possession of metallic knuckles. MCL 750.224; MSA 28.421. Subsequently, he pled guilty to habitual offender, third felony. MCL 769.12; MSA 28.1084. He was sentenced to two to ten years in prison. Defendant appeals as of right, and we affirm.

On appeal, defendant asserts that the prosecutor abused his discretion and denied him equal protection by prosecuting selectively for this offense. He contends the prosecutor's office does not prosecute the residents at Jackson Prison but does prosecute nonresidents.

The record is unclear whether the prosecutor has adopted such a policy for this offense. However, even if he had, we find neither an abuse of discretion nor a violation of equal protection.

The prosecution has broad discretion when deciding whom to prosecute. *Wayte v United States,* 470 US 598, 607; 105 S Ct 1524; 84 L Ed 2d 547 (1985). Among its considerations are enforcement priorities and the relationship of a case to the

government's overall enforcement plan. These factors have been held to be ill-suited for judicial review. Such review causes delay and has a chilling effect on law enforcement. *Wayte, supra.* There is, of course, a limit to prosecutorial discretion.

The Michigan Supreme Court has adopted a two-prong test to determine whether a particular prosecution violates the Equal Protection Clause:

> First, it must be shown that the defendants were "singled" out for prosecution while others similarly situated were not prosecuted for the same conduct. Second, it must be established that this discriminatory selection in prosecution was based on an impermissible ground such as race, sex, religion or the exercise of a fundamental right. [*People v Ford,* 417 Mich 66, 102; 331 NW2d 878 (1982).]

The prosecutor had probable cause to believe defendant had violated the statute. The record does not indicate he was singled out. Moreover inmates and ordinary citizens are not similarly situated. A prosecutor's decision not to prosecute inmates is a legitimate enforcement priority. Inmates are subject to internal disciplinary proceedings. In this instance, the prosecutorial resources may have been directed to enforcement of the law outside the prison.

Further, prisoners and nonprisoners are not suspect classifications which would trigger a strict scrutiny analysis. Defendant does not have a fundamental right to carry metallic knuckles. Our review is limited to whether the prosecutor's policy furthers some legitimate, articulated state purpose. *San Antonio Independent School Dist v Rodriguez,* 411 US 1, 17; 93 S Ct 1278; 36 L Ed 2d 16 (1973). We conclude that it does. The state purpose is the maintenance of law and order.

Next, defendant argues that the trial court abused its discretion in admitting evidence that a fight was about to occur at the time of his arrest. Such evidence was admitted, and it was proper, as part of the res gestae of the crime. *People v Delgado,* 404 Mich 76, 83; 273 NW2d 395 (1978). There was no abuse of discretion.

Finally, defendant contends that the device he had in his possession was not metallic knuckles within the meaning of MCL 750.224; MSA 28.421. Metallic knuckles are not defined by the statute. The lower court, aware of the purpose of the statute, found the device confiscated to be state-of-the-art metallic knuckles, even more harmful than traditional brass knuckles. Given the superior position of the trial court to evaluate the evidence, we are unwilling to disagree with its finding.

Affirmed.