PEOPLE v KRAJENKA

Docket No. 121785. Submitted September 11, 1990, at Grand Rapids. Decided October 31, 1990; approved for publication April 29, 1991, at 9:05 A.M.

John Krajenka pleaded guilty in the Ionia Circuit Court, James L. Banks, J., of being a prisoner in possession of marijuana, MCL 800.281(4); MSA 28.1621(4), and was sentenced to 2½ to 5 years' imprisonment. The defendant appealed, claiming that the statute under which he was convicted violates his equal protection rights because persons who possess marijuana but are not prisoners are only subject to prosecution for a misdemeanor, MCL 333.7403(2)(d); MSA 14.15(7403)(2)(d), and that the statute violates the title-object clause of Const 1963, art 4, § 24. The defendant also challenged his sentence.

The Court of Appeals *held:*

MCL 800.281(4); MSA 28.1621(4) does not violate the Equal Protection Clause or the title-object clause. However, the defendant must be resentenced consistent with the principle of proportionality.

1. The distinction between prisoners and nonprisoners is not arbitrary and is rationally related to the recognized and legitimate governmental interest in enhancing prisoner discipline.

2. The challenged statute does not involve dissimilar and discordant objects, but rather the single object of maintaining order and discipline in prisons.

3. On remand for resentencing, the seriousness of the defendant's crime and his criminal history must be considered under the principle of proportionality.

Affirmed, but remanded for resentencing.

1. PRISONS AND PRISONERS — POSSESSION OF MARIJUANA — EQUAL PROTECTION.

The proscription of possession of marijuana by prisoners and the raising of possession to felony status is not violative of equal

REFERENCES

Am Jur 2d, Criminal Law § 594; Drugs, Narcotics, and Poisons § 48. See the Index to Annotations under Drugs and Narcotics; Equal Protection of Law.

protection; the distinction between prisoners and nonprisoners is not arbitrary and is rationally related to the recognized and legitimate governmental interest in enhancing prisoner discipline (MCL 800.281; MSA 28.1621).

2. PRISONS AND PRISONERS — CONTRABAND — CONSTITUTIONAL LAW — TITLE-OBJECT CLAUSE.

The statute which prohibits possession of certain contraband by prisoners does not violate the title-object clause of the Michigan Constitution; the statute involves the single object of maintaining order and discipline in prisons (Const 1963, art 4, § 24; MCL 800.281; MSA 28.1621).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Gary M. Gabry,* Prosecuting Attorney, and *Charles D. Hackney,* Assistant Attorney General, for the people.

*O'Connor, McNamara & O'Keeffe* (by *Robert S. Sykes, Jr.*), for the defendant on appeal.

Before: MACKENZIE, P.J., and HOLBROOK, JR., and SHEPHERD, JJ.

PER CURIAM. Defendant, a prisoner at the Riverside Correctional Facility, pleaded guilty of being an inmate in possession of marijuana, MCL 800.281(4); MSA 28.1621(4), and was sentenced to 2½ to 5 years' imprisonment. Defendant appeals as of right. We affirm defendant's conviction, but vacate his sentence and remand for resentencing.

Defendant first contends that MCL 800.281(4); MSA 28.1621(4) violates the Equal Protection Clause because it charges prisoners in possession of marijuana with a five-year felony while nonprisoners in possession of marijuana face only a misdemeanor charge under MCL 333.7403(2)(d); MSA 14.15(7403)(2)(d). We disagree.

Equal protection analysis requires an initial determination of the proper test to be applied. If the statute affects a fundamental interest or

makes an inherently suspect classification, the court applies a strict scrutiny test, and the statute will not be upheld unless there is a compelling interest which justifies the classification. *People v Jacqueline Walker,* 135 Mich App 267, 275-276; 354 NW2d 312 (1984), lv den 421 Mich 860 (1985), app dis 474 US 801 (1985). Otherwise, the test to determine whether legislation enacted pursuant to the police power comports with equal protection is whether the legislative classification is rationally related to a legitimate governmental interest. *Shavers v Attorney General,* 402 Mich 554; 267 NW2d 72 (1978), reh den 403 Mich 958 (1978), remanded on other grounds 407 Mich 1153 (1979), cert den 442 US 934 (1979), aff'd 412 Mich 1105 (1982).

No fundamental interest or suspect classification is involved in this case. Prisoners and nonprisoners are not suspect classifications and neither group has a fundamental right to possess marijuana. See *People v Maxson,* 181 Mich App 133, 135; 449 NW2d 422 (1989). Thus, defendant could be constitutionally charged as an inmate in possession of marijuana unless the prisoner/nonprisoner classification is arbitrary and not reasonably or rationally related to the object of the legislation. *People v Perkins,* 107 Mich App 440, 443; 309 NW2d 634 (1981).

Furthermore, the distinction between inmates and noninmates is not arbitrary. The statute's purpose is to enhance prisoner discipline, a recognized and legitimate governmental interest. *Hudson v Palmer,* 468 US 517, 526-528; 104 S Ct 3194; 82 L Ed 2d 393 (1984). The distinction between prisoners and nonprisoners is rationally related to that purpose.

Defendant next contends that the statute violates the title-object clause of Const 1963, art 4,

§ 24, because it embraces more than one object. See *People v Trupiano,* 97 Mich App 416; 296 NW2d 49 (1980). The "one object" requirement is not to be so narrowly and technically interpreted as to unnecessarily embarrass legislation. *Kuhn v Dep't of Treasury,* 384 Mich 378, 387; 183 NW2d 796 (1971). The intent of MCL 800.281; MSA 28.1621 is to keep contraband out of prison. *People v Robert Lewis (On Remand),* 97 Mich App 650, 652; 296 NW2d 62 (1980). The provision does not involve dissimilar and discordant objects, but rather the single object of maintaining order and discipline in a prison environment.

Finally, defendant contends that his sentence is so excessive that it should shock the conscience of this Court. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). In *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990), our Supreme Court abandoned the shock the conscience standard of *Coles* in favor of a principle of proportionality which requires consideration of both the seriousness of the crime involved and the criminal history of the offender. See *Milbourn, supra,* p 650.

In this case, defendant's sentence was imposed without an opportunity for the sentencing court to apply the principle of proportionality and without an opportunity for defense counsel to argue under this new standard. Accordingly, we vacate defendant's sentence and remand for resentencing consistent with the considerations set forth in *Milbourn.*

Affirmed, but remanded for resentencing. We retain no further jurisdiction.