PROCTOR v WHITE LAKE TOWNSHIP POLICE DEPARTMENT

Docket No. 220980. Submitted May 9, 2001, at Grand Rapids. Decided November 30, 2001, at 9:00 A.M.

Fred C. Proctor, a state prison inmate, brought an action in the Oakland Circuit Court against the White Lake Township Police Department, seeking to compel the defendant pursuant to the Freedom of Information Act (FOIA), MCL 15.231 et seq., to provide the plaintiff certain documents and information relating to the police investigation that led to his apprehension and conviction. Before filing his action, a request for the documents and information had been denied by the police lieutenant who led the investigation of the plaintiff. The court, Colleen A. O'Brien, J., granted summary disposition for the defendant, ruling that subsections 1(2) and 2(c) of the FOIA, MCL 15.231(2) and 15.232(c), exclude inmates in local, state, and federal correctional facilities from those who are entitled by the FOIA to disclosure of public records. The plaintiff appealed.

The Court of Appeals held:

1. The prisoner exclusions of the FOIA have no effect on the plaintiff's due process right of reasonable access to the courts with respect to his motion for relief from the judgment of conviction. There is no indication the FOIA prisoner exclusions prevented the plaintiff from adequately, effectively, and meaningfully pursuing the motion for relief from judgment.

2. The FOIA prisoner exclusions are not void for vagueness. The exclusions unambiguously preclude any and all FOIA requests by prisoners and therefore do not vest FOIA administrators with discretion, much less unbridled discretion, to grant or deny FOIA requests by prisoners.

3. The FOIA prisoner exclusions do not violate equal protection in precluding FOIA requests by incarcerated criminals, but not FOIA requests by criminals who are not incarcerated. The exclusions are rationally based on the legitimate governmental interest of conserving scarce governmental resources that would otherwise be squandered in responding to frivolous FOIA requests by prisoners.

4. The plaintiff's due process right to a fair and impartial decisionmaker regarding his FOIA request was not violated when that request was decided by the lieutenant who led the investigation of

the plaintiff and whose conduct during the investigation has been alleged by the plaintiff to have been improper. Because the FOIA prisoner exclusions vested the lieutenant with no discretion to exercise in responding to the plaintiff's FOIA request, no due process violation occurred.

Affirmed.

RECORDS — FREEDOM OF INFORMATION ACT — PRISONER EXCLUSIONS — CONSTI-TUTIONAL LAW — DUE PROCESS — EQUAL PROTECTION.

The provisions of the Freedom of Information Act (FOIA) that exclude inmates in local, state, and federal correctional facilities from those who may seek disclosure of public records pursuant to the act do not violate due process or equal protection; the provisions are not void for vagueness inasmuch as they unambiguously preclude any and all FOIA requests by prisoners and vest FOIA administrators with no discretion to grant or deny FOIA requests by prisoners; the provisions, in precluding FOIA requests by incarcerated criminals, but not those of criminals who are not incarcerated, are rationally based on the legitimate governmental interest of conserving scarce governmental resources (US Const, Am XIV; Const 1963, art 1, §§ 2, 17; MCL 15.231[2], 15.232[c]).

Fred C. Proctor, in propria persona.

*Adkinson, Need, Green & Allen, P.L.L.C.* (by *Gregory K. Need*), for the defendant.

Before: COLLINS, P.J., and HOEKSTRA and GAGE, JJ.

GAGE, J. This case involves plaintiff's request for documents under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.* Plaintiff sought a circuit court order compelling defendant to provide plaintiff with certain information regarding a criminal investigation of plaintiff. The circuit court granted defendant's motion for summary disposition of plaintiff's complaint. Plaintiff appeals as of right. We affirm.

I

Plaintiff currently resides in a state prison in Jackson operated by the Department of Corrections. After

a 1995 jury trial, plaintiff was convicted of first-degree felony murder, MCL 750.316, armed robbery, MCL 750.529, and two counts of possessing a firearm during the commission of a felony, MCL 750.227b. The judgment of sentence ordered that plaintiff serve life imprisonment without parole for the felony-murder conviction, and a consecutive two-year term for the felony-firearm convictions. In October 1997, this Court affirmed plaintiff's convictions and sentences. *People v Proctor*, unpublished opinion per curiam of the Court of Appeals, issued October 7, 1997 (Docket No. 188435). The Supreme Court denied plaintiff's application for leave to appeal his convictions. *People v Proctor*, 459 Mich 867 (1998).

On June 8, 1998, plaintiff authored a letter to defendant's chief of police, requesting various documents and information pertaining to defendant's investigation of plaintiff's and his accomplice's participation in the armed robbery and murder of the victim.[1] Plaintiff explained in his complaint that he sought the infor-

---

[1] Plaintiff's letter requested the following information:

1. Names of all White Lake Township Police officers involved in the investigation . . . .

2. Copies of all investigators [sic] personal notes, personal interview notes with witnesses, co-defendant, defendant, ect [sic], including any and all, of Lt. Edward Harris'[,] Sgt. Randy Lingenfelter's and Officer Steven Ross' personal investigation notes and personal witness' [sic] interview notes.

3. Names of all officer [sic] at Mr. Proctors [sic] home on Davista Dr. prior to and during the execution of the search warrant on the home.

4. Copy the impoundment receipt of the U-Haul truck removed from Mr. Proctor's home, name of towing company, tow truck driver, any and all records of towing company involving [sic] this impoundment, any and all records of this impoundment in the possession of the White Lake Police Department including, log book entries, or record [sic] or notes in the possession of any agent of the White Lake Police Department.

mation "to support the issues [he] intends on [sic] raising in his Motion for Relief From Judgment." On June 15, 1998, defendant's Lieutenant Edward Harris mailed plaintiff a response denying his requests because he was "not entitled to information . . . . pursuant to MCL 15.231[(2)]." On June 18, 1998, plaintiff prepared a letter to Lieutenant Harris appealing the rejection of his request as an unconstitutional "denial of equal protection of law, as well as a due process violation." On June 25, 1998, Lieutenant Harris reiterated his denial of plaintiff's request for information, citing MCL 15.231(2) and 15.232(c).

On January 25, 1999, plaintiff filed the instant suit requesting that the circuit court order defendant's immediate disclosure of the information plaintiff requested. Plaintiff contended that (1) he had exhausted efforts to obtain the requested information elsewhere, and that consequently he possessed an exceptional need for the information to assist his preparation of his motion for relief from judgment, and (2) he unconstitutionally was deprived of a fair and neutral decisionmaker with respect to his FOIA requests because Lieutenant Harris, the individual

---

5. Copy [sic] of any and all policy directive [sic], operating procedure [sic] and/or ordinance [sic] concerning the impound of vehicles, including any other documents that explain the White Lake Township Police Departments [sic], procedure and policies in impounding vehicles, including those in use in January 1995.

6. Copies of any and all photographs taken of the crime scenes, Mr. Proctors [sic] home ect. [sic].

7. Copies of any and all witness statements made on audio tape, including those of Mr. Proctor and [codefendant] Harry Camp.

8. Copies of all photographs used in photo show up, presented to Mrs. Diane Burby, and any other witnesses.

9. Copies of any and all, log entries of any witnesses indicating time arrived and left police station.

who determined the outcome of plaintiff's requests, acted as the officer in charge of the criminal investigation of plaintiff.

Defendant responded by filing a motion for summary disposition pursuant to MCR 2.116C(8) and (10), arguing that the FOIA plainly did not apply to incarcerated prisoners like plaintiff. On May 26, 1999, the circuit court issued an opinion and order granting defendant's motion pursuant to subrule C(8) because plaintiff, a prison inmate, "is not within the class of persons entitled to invoke the FOIA."

Plaintiff's motion for relief from judgment was denied in November 1999.

II

Plaintiff raises on appeal several challenges to the constitutionality of the FOIA provisions excluding prisoners from the coverage of the act. Although plaintiff failed to raise before the trial court some of his constitutional arguments, and the trial court did not address any constitutional claims, this Court nonetheless may consider these important questions. *People v Gezelman (On Rehearing)*, 202 Mich App 172, 174; 507 NW2d 744 (1993). The constitutionality of a statute is a question of law that we review de novo. *Citizens for Uniform Taxation v Northport Public School Dist*, 239 Mich App 284, 287; 608 NW2d 480 (2000). We also review de novo the trial court's summary disposition ruling. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998).

In considering plaintiff's challenges to the constitutionality of the FOIA, this Court must adhere to the well-established rule that a statute is presumed con-

stitutional unless its unconstitutionality is clearly apparent. *McDougall v Schanz*, 461 Mich 15, 24; 597 NW2d 148 (1999). The party challenging the statute bears the burden of overcoming the presumption of constitutionality. *In re AH*, 245 Mich App 77, 82; 627 NW2d 33 (2001). That a statute may appear undesirable, unfair, unjust, or inhumane does not of itself render the statute unconstitutional and empower a court to override the Legislature. *Doe v Dep't of Social Services*, 439 Mich 650, 681; 487 NW2d 166 (1992). Arguments that a statute is unwise or results in bad policy should be addressed to the Legislature. *People v Kirby*, 440 Mich 485, 493-494; 487 NW2d 404 (1992).

The FOIA provisions that plaintiff attacks as unconstitutional state in relevant part as follows:

It is the public policy of this state that all persons, *except those persons incarcerated in state or local correctional facilities*, are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process. [MCL 15.231(2) (emphasis added).]

As used in this act:

\*          \*          \*

(c) "Person" means an individual, corporation, limited liability company, partnership, firm, organization, association, governmental entity, or other legal entity. *Person does not include an individual serving a sentence of imprisonment in a state or county correctional facility in this state or*

*any other state, or in a federal correctional facility.*[2] [MCL
15.232 (emphasis added).]

These provisions plainly and unambiguously exclude
incarcerated prisoners from the class of persons enti-
tled to obtain public records.[3] *Seaton v Wayne Co
Prosecutor (On Second Remand)*, 233 Mich App 313,
315-316; 590 NW2d 598 (1998).[4] The incarcerated pris-
oner exclusions from coverage under the FOIA clearly
intended to put a halt to the mischief and abuse of
public resources caused by Michigan's prisoner popu-
lation through excessive and largely frivolous FOIA
requests. *Id.* at 322.

A

Plaintiff first contends that the FOIA's prisoner
exclusions violate his constitutional guarantees of
access to the courts. We agree with plaintiff's asser-
tions that prisoners possess a due process right of
reasonable access to the courts that guarantees them
"adequate, effective, and meaningful" opportunities to
present their claims. *Bounds v Smith*, 430 US 817,
822; 97 S Ct 1491; 52 L Ed 2d 72 (1977); see also *Hall
v Hall*, 128 Mich App 757, 759; 341 NW2d 206 (1983)
("It is well settled that a prisoner has a due process
right of reasonable access to the courts."). However,

---

[2] MCL 15.233(1) authorizes "a person . . . to inspect, copy, or receive
copies of [a] requested public record of [a] public body."

[3] Because the legislative intent appears clearly from the unambiguous
statutory language, we decline plaintiff's invitation to attempt interpreta-
tion of the statute according to select portions of the legislative history.
*Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999).

[4] Consequently, the circuit court properly granted defendant summary
disposition regarding plaintiff's FOIA claim pursuant to MCR 2.116(C)(8).
*Spiek, supra* at 337 (noting that a C[8] motion must be granted if no fac-
tual development could justify the plaintiff's claim for relief).

the principles involving access to the courts that plaintiff cites in his brief on appeal do not support his assertion of a right to inspect defendant's records pursuant to the FOIA. All the cases plaintiff cites discuss to what extent prison officials must afford a prisoner access to legal resources, legal assistance, and a route for physically delivering the prisoner's pleadings to a court.[5] In this case, plaintiff does not contend that he experienced any impediment to conducting legal research to support his motion for relief from judgment or to filing his motion with the court,

---

[5] Plaintiff's citations include *Bounds, supra* at 827, 828 (In cases involving "original actions seeking new trials, release from confinement, or vindication of fundamental civil rights," "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."); *Wolff v McDonnell*, 418 US 539, 579; 94 S Ct 2963; 41 L Ed 2d 935 (1974) (stating that prisoners have a due process right of access to the courts that guarantees them legal assistance in preparing habeas corpus petitions and civil rights actions); *Johnson v Avery*, 393 US 483, 490; 89 S Ct 747; 21 L Ed 2d 718 (1969) (holding that "until the State provides some reasonable alternative to assist inmates in the preparation of petitions for post-conviction relief, it may not validly enforce a regulation . . . barring inmates from furnishing such assistance to other prisoners"); *Abdul-Akbar v Watson*, 4 F3d 195, 203 (CA 3, 1993) (describing the right of access standard as "whether the legal resources available to a prisoner will enable him to identify the legal issues he desires to present to the relevant authorities . . . and to make his communications with and presentations to those authorities understood"); *Peterkin v Jeffes*, 855 F2d 1021, 1037 (CA 3, 1988) (citing *Bounds, supra*, in addressing death row inmates' claim that prisons provided them access to legal materials and legal assistance insufficient to satisfy the constitutional requirement of access to the courts); *Jackson v Procunier*, 789 F2d 307, 311 (CA 5, 1986) (finding that a prisoner's constitutional right of access to the courts was violated when prison mailroom workers intentionally delayed mailing the prisoner's appeal of an adverse civil judgment against him); *Ward v Kort*, 762 F2d 856, 858 (CA 10, 1985) (finding that the right of access to the courts also applies to "person[s] under a mental commitment"). None of these cases supports plaintiff's suggestion that application of the FOIA prisoner exclusions in this case somehow deprived plaintiff of his fundamental right of access to the courts.

and we perceive no indication that plaintiff suffered any interference with his fundamental right to an adequate, effective, and meaningful opportunity to present his motion for relief from judgment.[6]

Furthermore, plaintiff's exclusion from seeking public documents under the FOIA does not otherwise implicate plaintiff's constitutional rights. We emphasize that the FOIA provisions themselves are not of constitutional moment. They themselves do not invest plaintiff with a constitutional right to investigate government information.[7]

---

[6] We also reject plaintiff's suggestion that the FOIA prisoner exclusions infringe his First Amendment rights. We find instructive *Fisher v King*, 232 F3d 391, 398 (CA 4, 2000), a recent case addressing the plaintiff prisoner's claim that Virginia's FOIA prisoner exclusion unconstitutionally restricted "prisoner access to information to which the general public is guaranteed access under the First Amendment." After examining *Los Angeles Police Dep't v United Reporting Publishing Corp*, 528 US 32; 120 S Ct 483; 145 L Ed 2d 451 (1999), the Fourth Circuit Court of Appeals concluded in *Fisher* that "the VFOIA's Prisoner Exclusion Provision is . . . not subject to a facial overbreadth challenge because it does not carry the threat of prosecution for violating the statute and it does not restrict expressive speech, but simply regulates access to information in the possession of Virginia state agencies." *Fisher, supra* at 398-399.

[7] In addressing the retroactivity of the FOIA's prisoner exclusions, this Court in *Seaton, supra* at 323, explained that a prisoner's FOIA request for the records of his own criminal trial "is procedural in nature for the reason that irrespective of the K, the prisoner has a substantive constitutional right to obtain such records." This Court quoted *Jones v Wayne Co Prosecutor's Office*, 165 Mich App 62, 65; 418 NW2d 667 (1987), as follows:

While the MFOIA would also appear to be applicable to the present case, we conclude that MCR 6.101(L) [now MCR 6.433] governs exclusively when, as in the present case, a person seeks records related to his or her criminal conviction.

The method of obtaining documents related to a person's criminal conviction is a matter of procedure rather than substantive law. After all, the issue is not plaintiff's substantive right to the documents, but rather merely from whom he must request the documents. Procedural issues in the state courts are governed by court rule, not by statute. [*Seaton, supra* at 323.]

> The FOIA is a mechanism through which the citizenry may examine and review the workings of government and its executive officials. The statute has in common with the state's liberal discovery rules that it came into existence as a manifestation of the trend to disclose information that previously had generally been kept secret. The FOIA embodies this state's strong public policy favoring public access to government information, recognizing the need that citizens be informed as they exercise their role in a democracy, and the need to hold public officials accountable for the manner in which they discharge their duties. [*Messenger v Ingham Co Prosecutor*, 232 Mich App 633, 641; 591 NW2d 393 (1998), citing MCL 15.231(2).]

We will not attempt to address the wisdom of the Legislature's determination to exclude incarcerated prisoners from eligibility to make FOIA requests for documents, *Kirby, supra*, but merely note that the right to make an FOIA request appears to be one of many privileges that a convicted and incarcerated prisoner forfeits through his commission of criminal acts.

Plaintiff seeks to raise a constitutional issue to the extent that he repeatedly submits that the information he seeks from defendant pursuant to the FOIA is "not contained in the trial court record and not available pursuant to MCR 6.433." Plaintiff fails to explain, however, why during his trial he could not have had access to, or at least inquired of defendant's employees regarding, the various documents and information he now seeks pursuant to the FOIA. Plaintiff makes no suggestion that during his trial he received ineffective assistance of counsel that prevented his development of the record. Nor does plaintiff allege with specificity

---

This Court concluded that the prisoner's "rights and remedies are governed by the Michigan and federal constitutions and MCR 6.433." *Seaton, supra* at 324.

that during his criminal trial the prosecutor improperly withheld witness statements or other exculpatory information. Plaintiff consistently repeats only his mere speculation to the following effects: "Information that is *not* contained in the trial court's records [and] was not introduced at trial . . . was possibly withheld by the police or prosecutor's office and clearly not available to the prisoner pursuant to MCR 6.433," and that he seeks only "records, documents and information maintained solely by the White Lake Township Police Department, or possibly the prosecutor's office and in fact may prove his innocence, and/or obtain him a new trial!" We note that these mere speculations do not establish any constitutional violation.

B

Plaintiff next argues that the FOIA prisoner exclusions are unconstitutionally vague. The "void for vagueness" doctrine is derived from the constitutional guarantee that the state may not deprive a person of life, liberty, or property without due process of law. *Petrus v Dickinson Co Bd of Comm'rs*, 184 Mich App 282, 299-300; 457 NW2d 359 (1990), citing US Const, Am XIV; Const 1963, art 1, § 17. A statute may qualify as void for vagueness if (1) it is overbroad and impinges on First Amendment freedoms, (2) it does not provide fair notice of the conduct it regulates, or (3) it gives the trier of fact unstructured and unlimited discretion in determining whether the statute has been violated. *Ray Twp v B & BS Gun Club*, 226 Mich App 724, 732; 575 NW2d 63 (1997). Plaintiff suggests in this case that the FOIA prisoner exclusions contain no standards to guide an FOIA administrator's determi-

nation whether to deny a prisoner's request for information, and thus the exclusions create the risk that the FOIA administrator may arbitrarily and discriminatorily refuse prisoner requests.

We fail to discern any potentially unconstitutional vagueness within FOIA subsections 1(2) or 2(c). A statute challenged as void for vagueness, on the basis that it invests a decisionmaker with unbridled discretion, "must provide standards for enforcing and administering the laws in order to ensure that enforcement is not arbitrary or discriminatory; basic policy decisions should not be delegated to policemen, judges, and juries for resolution on an ad hoc and subjective basis." *In re Forfeiture of 719 N Main*, 175 Mich App 107, 112-113; 437 NW2d 332 (1989). Subsections 1(2) and 2(c) of the FOIA plainly delineate which persons are and are not entitled to have access to information regarding government affairs and public officials' and employees' official acts. No discretion remains with FOIA administrators to arbitrarily or discriminatorily deny a prisoner's request for information because subsections 1(2) and 2(c) unambiguously preclude any and all FOIA requests by incarcerated prisoners.

C

Plaintiff further submits that the FOIA prisoner exclusions violate constitutional equal protection guarantees by authorizing differential treatment of incarcerated prisoners and convicted criminals who are not incarcerated. The federal and Michigan constitutional Equal Protection Clauses both require that persons under similar circumstances be treated alike, but do not demand consistent treatment of persons

under different circumstances. *In re Hawley*, 238 Mich App 509, 511; 606 NW2d 50 (1999).

Courts apply one of three tests when reviewing a party's challenge of a legislative classification as violative of equal protection. Which test applies depends on the type of classification made by the statute and the nature of the interest affected. Legislation creating inherently suspect classifications on the basis of race, alienage, ethnicity, and national origin, or affecting a fundamental interest, undergoes the strict scrutiny test. Merely suspect classifications, including distinctions involving gender and mental capacity, invoke an intermediate level substantial relationship test. Social or economic classifications must pass the least rigorous rational basis test. Under the rational basis test, a statute qualifies as constitutional if its classification scheme rationally relates to a legitimate governmental purpose. *People v Pitts*, 222 Mich App 260, 272-273; 564 NW2d 93 (1997).

We employ the rational basis test in this case because the FOIA prisoner exclusions, which were intended to halt incarcerated prisoners' abuse of public resources, constitute a social or economic measure. *Seaton, supra* at 322. Furthermore, the exclusions' focus on one's status as an incarcerated prisoner does not involve a suspect classification. *People v Krajenka*, 188 Mich App 661, 663; 470 NW2d 403 (1990). We find that the Legislature's FOIA exclusions singling out incarcerated prisoners rationally relate to the Legislature's legitimate interest in conserving the scarce governmental resources squandered responding to frivolous FOIA requests by incarcerated prisoners. *Pitts, supra* at 273 (explaining that a rational basis exists when any state of facts, either known or

which could reasonably be assumed, supports a classification scheme).

Moreover, the FOIA prisoner exclusions do not treat similarly situated prisoners differently. Incarcerated prisoners are differently situated than convicted criminals who are not incarcerated. The available legislative history behind the prisoner exclusions notes that most FOIA requests by criminals "are made by prisoners under the DOC's jurisdiction." Senate Fiscal Analysis, SB 639, December 15, 1993, p 1. Even assuming that the FOIA prisoner exclusions result in some unfairness to the extent that they permit some convicted felons to invoke the FOIA while others like plaintiff cannot, "[a] classification that has a rational basis is not invalid because it results in some inequity." *Pitts, supra* at 273.

We therefore conclude that the FOIA prisoner exclusions plainly and unambiguously exclude all incarcerated prisoner requests for information under the act and that plaintiff has presented no cognizable claim of a constitutional deprivation. Plaintiff failed to overcome the presumption that the FOIA prisoner exclusions qualified as constitutional. *In re AH, supra.*

III

Plaintiff lastly contends that Lieutenant Harris, who denied plaintiff's FOIA requests, was not a fair and impartial decisionmaker because he led the criminal investigation of plaintiff and because plaintiff requested documents that he believed would have substantiated Harris' improper conduct during the investigation. We review de novo this constitutional issue.

*People v Slocum (On Remand)*, 219 Mich App 695, 697; 558 NW2d 4 (1996).

The Due Process Clause demands a fair and impartial decisionmaker. *Cain v Dep't of Corrections*, 451 Mich 470, 497; 548 NW2d 210 (1996). Even absent a showing of a decisionmaker's actual bias, a decisionmaker must be disqualified when, for example, he might have prejudged the case because of his prior participation as an accuser, investigator, factfinder, or initial decisionmaker. *Id.* at 498. We agree that because Lieutenant Harris previously participated in the investigation of plaintiff's criminal case and appears to be the subject of allegedly improper conduct within plaintiff's requests for information, some potential risk of bias by Lieutenant Harris existed. Nonetheless, we conclude that no due process violation occurred because the FOIA prisoner exclusions vested Lieutenant Harris with absolutely no discretion to exercise in responding to plaintiff's request, instead plainly forbidding plaintiff's right of access to the information he sought.[8]

Affirmed.

---

[8] Because plaintiff failed to establish any genuine issues of material fact regarding his various constitutional claims, summary disposition of these arguments was warranted pursuant to MCR 2.116(C)(10). *Spiek, supra.*