# STATE OF MICHIGAN

# COURT OF APPEALS

STACEY A. TERUYA,

       Plaintiff/Counterdefendant-
       Appellee,

v

ANNETTE T. BURGAN,

       Defendant/Counterplaintiff-
       Appellant.

UNPUBLISHED
April 7, 2016

No. 325126
Wayne Circuit Court
LC No. 14-160336-DP

Before: GLEICHER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

We granted defendant Annette T. Burgan's application for leave to appeal a circuit court order granting parenting time to plaintiff Stacey A. Teruya. The parties are the biological parents of three children conceived by in vitro fertilization and artificial insemination. Teruya, who lives in California, donated sperm to Burgan, a Michigan resident. The parties disputed whether Teruya was entitled to assert and exercise parental rights.

Several weeks after we granted leave to appeal, Teruya and Burgan stipulated to a final order of filiation, custody, and parenting time. Neither party has claimed an appeal from this order. Accordingly, the issues raised in this appeal are moot.

I

We consider only the procedural history of this case, as it reveals that we lack the power to resolve the issue presented in Burgan's application.

Teruya filed a complaint for paternity in January 2014. Various motions and an evidentiary hearing followed. On October 7, 2014, the circuit court issued a lengthy opinion setting forth factual findings and its reasons for denying Bergan's request for dismissal of the action. The opinion concluded as follows: "[A]n Order shall be entered denying [Burgan's] Motion to Dismiss and finding that [Teruya] has established paternity of the children. A conforming Order of Filiation and Support shall be entered pursuant to MCL 722.717 upon a determination of the appropriate level of support." The court's order, issued the same day, reflected this ruling and promised a future order of filiation and support.

-1-

Burgan claimed an appeal from this order. Before we acted with regard to Burgan's claim of appeal, Teruya filed a motion for specific parenting time and for telephone communication with the children. On November 6, 2014, we dismissed Burgan's claim of appeal for lack of jurisdiction because the circuit court order was not final as defined in MCR 7.202(6). *Teruya v Burgan*, unpublished order of the Court of Appeals, entered November 6, 2014 (Docket No. 324167). The next day, the circuit court conducted an evidentiary hearing and entered an order granting Teruya's motion for parenting time. It issued a second parenting time order on December 16, 2014. Burgan filed an application for leave to appeal the December 16, 2014 order, contending that the circuit court had erroneously granted parenting time in advance of entering an order of filiation and without making a determination regarding the best interests of the children.

This Court granted Burgan's application on December 26, 2014. *Teruya v Burgan*, unpublished order of the Court of Appeals, entered December 26, 2014 (Docket No. 325126). Our order did not stay proceedings in the circuit court.

On January 13, 2015, the parties stipulated to a final order regarding filiation, child custody, parenting time and child support. The stipulated order adjudicated Teruya as the children's father and granted Burgan sole legal and physical custody. The order additionally set forth a detailed parenting time schedule through 2018.

II

Burgan concedes that this Court may consider her appeal moot. She nevertheless urges that we decide whether the circuit court properly awarded parenting time before entering an order of filiation and considering the best-interest factors set forth in MCL 722.23. These questions, Burgan insists, involve the public interest and are "capable of repetition, while still evading judicial review."

We may not consider Burgan's substantive arguments, because they are moot. The parties' settlement removes this case from the special category of disputes "capable of repetition while evading review."

"As a general rule, an appellate court will not decide moot issues." *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998). We follow this rule because "[t]he principal duty of this Court is to decide actual cases and controversies." *Federated Publications, Inc v Lansing*, 467 Mich 98, 112; 649 NW2d 383 (2002). When declaring or analyzing a legal principal will have no practical effect on the case before the court, we will decline to do so. *Id.* However, "[t]his Court will entertain cases that are technically moot if the issues involved are of public significance and are likely to recur in the future and yet evade judicial review." *Morales v Mich Parole Bd*, 260 Mich App 29, 32; 676 NW2d 221 (2003). These standards are not met here.

Burgan's appeal challenges the parenting time order issued on December 16, 2014. The ordered parenting time took place as scheduled. We are unable to provide relief regarding the parenting time called for in that order. And the parties have stipulated to future parenting time. Accordingly, there is no relief that we may provide. As the case now presents only "abstract

questions of law which do not rest upon existing facts or rights," we lack the power to hear it. *Gildemeister v Lindsay*, 212 Mich 299, 302; 180 NW 633 (1920).

Nor are we persuaded that the issues presented are of "public significance" likely to evade judicial review. *Morales*, 260 Mich App at 32. Our Supreme Court has declined to apply this exception to the mootness doctrine when a "party's own volitional conduct" renders an issue moot. *People v Richmond*, 486 Mich 29, 37; 782 NW2d 187 (2010). Burgan elected to enter into a settlement agreement, thereby transforming her current contentions regarding a rather stale parenting time order into a "pretended controversy." *Id*. at 36 (quotation marks and citation omitted). Burgan has not provided us with any reason to believe that the arguments she raised in her application would evade review in future cases where settlements remain unachieved.

We dismiss the appeal as moot.

/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood