*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOSEPH MICHAEL HENRY,

Defendant-Appellant.

UNPUBLISHED
March 17, 2020

No. 346269
Macomb Circuit Court
LC No. 2018-000503-FH

Before: TUKEL, P.J., and MARKEY and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of assault by strangulation, MCL 750.84(1)(b), and domestic violence, MCL 750.81(2). We affirm defendant's convictions and sentences in all respects, but remand to the trial court for the ministerial task of correcting certain inaccuracies in defendant's presentence-investigation report (PSIR).

## I. BACKGROUND

This case arises from two incidents of assault, battery, and domestic violence between defendant and the victim—his fiancée—in Macomb Township, Michigan. The victim testified that on January 6, 2018, defendant pushed her against her dresser, "put his hand around [her] throat and started squeezing [her] neck." This caused the victim to feel dizzy and her face began to tingle. The victim also testified that on January 10, 2018, defendant got on top of her on her father's bed, put his hand on her throat, and began suffocating her. The victim could not breathe, her face became tingly, and she was losing her ability to hear. While this was occurring, defendant stated that he "was gonna make this worth his while." The victim's son interrupted the first assault. The victim's father interrupted the second assault, causing defendant to flee the scene.

At the close of trial, when the trial court read the jury instructions, it did not state that the jury had to be unanimous with regard to the acts constituting the assault-by-strangulation offense, and did not state that the jury could consider lesser-included offenses as an alternative to the assault-by-strangulation charge. After it had instructed the jury, the trial court asked both the prosecutor and defense counsel if they were satisfied with the instructions given. Defendant's

counsel responded, "I am, Judge." The jury convicted defendant of both assault by strangulation and domestic violence.

It is uncontested that the prosecutor did not timely file the proof of service of the notice of intent to enhance defendant's sentence under MCL 769.12, as required by MCL 769.13(1). But at a pretrial hearing on May 3, 2018, at which the defendant was present, the prosecutor stated on the record that "[w]e are looking at possibly a 25-year minimum as far as sentencing goes, so we were discussing a possible deviation request to lessen that, um, lessen the habitual notice." Later during the same hearing, defendant's attorney acknowledged the potential enhanced sentence. Therefore, defendant was on notice of the prosecutor's intent to enhance his sentence as a habitual offender. The trial court subsequently sentenced defendant, as a fourth-offense habitual offender, MCL 769.12, to a term of 25 to 40 years in prison for the assault-by-strangulation conviction and 271 days in jail for the domestic-violence conviction, with credit for 271 days served.

This appeal followed.

## II. ANALYSIS

### A. JURY INSTRUCTIONS

Defendant first argues that the trial court erred when it failed to instruct the jury that it had to be unanimous with respect to the acts constituting the assault-by-strangulation offense. Defendant also argues that the trial court erred when it failed to instruct the jury that it could consider lesser-included offenses as an alternative to the assault-by-strangulation charge.

Waiver is "the intentional relinquishment or abandonment of a known right," *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (cleaned up), and "[o]ne who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (cleaned up). When trial counsel expresses satisfaction with a trial court's instructions to the jury, the defendant has waived appellate review of the issue of whether the instructions were erroneous. *Id*. at 214. In this case, because defendant's trial counsel expressly approved the jury instructions given by the trial court, appellate review of this issue has been waived, and we will not address the issue.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that his trial counsel rendered ineffective assistance by failing to request the specific-unanimity instruction and an instruction regarding lesser-included offenses.

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). "A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *Id*. Defendant filed a motion for remand with this Court raising the argument of ineffective assistance of counsel at trial, but this Court denied his motion. When no *Ginther* hearing has been conducted, as is the case here, review of

the defendant's claim of ineffective assistance of counsel is limited to mistakes apparent on the record. *People v Mack*, 265 Mich App 122, 125; 695 NW2d 342 (2005).

"To establish ineffective assistance of counsel, defendant must first show that (1) his trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *People v Uphaus (On Remand)*, 278 Mich App 174, 185; 748 NW2d 899 (2008). "Effective assistance of counsel is presumed and defendant bears the burden of proving otherwise." *Petri*, 279 Mich App at 410.

This Court "will not second-guess matters of strategy or use the benefit of hindsight when assessing counsel's competence." *People v Odom*, 276 Mich App 407, 415; 740 NW2d 557 (2007). Moreover, trial counsel has "wide discretion in matters of trial strategy because many calculated risks may be necessary in order to win difficult cases." *Id*. This Court has recognized that the decision of trial counsel to seek or not seek a lesser-included-offense instruction is a matter of trial strategy. See *People v Dunigan*, 299 Mich App 579, 584; 831 NW2d 243 (2013).

Turning first to the claim concerning the unanimity instruction, defendant cannot show that even if such an instruction had been given, the result of the proceedings would have been different. The thrust of defendant's argument is that in the absence of the unanimity instruction, some jurors may have concluded that the assault by strangulation occurred on January 6, 2018, while other jurors may have concluded that it occurred on January 10, 2018. Thus, according to defendant, his trial counsel was ineffective for failing to seek an instruction that the jury had to be unanimous with respect to the acts constituting the assault-by-strangulation offense.

To convict defendant of assault by strangulation, the prosecutor had to prove that, in addition to assaulting the victim, defendant "intentionally imped[ed] normal breathing or circulation of the blood by applying pressure on the throat or neck or by blocking the nose or mouth" of the victim. MCL 750.84(2). The jury had ample evidence to conclude that on both January 6, 2018 and January 10, 2018, defendant committed assault by strangulation. Thus, defendant has not shown that, if the trial court had instructed the jury that it had to be unanimous with respect to the acts constituting the offense, the result of the proceedings would have been different.

Turning next to defendant's argument that his trial counsel was ineffective for not seeking an instruction on lesser-included offenses, defendant argues that his trial attorney's failure to seek a lesser-included instruction could not have been on the basis of a legitimate strategy. This argument fails for the simple reason that defendant's attorney may have reasonably believed that the jury could choose to convict defendant of domestic violence but not convict him of assault by strangulation. In other words, defendant's trial counsel may well have been pursuing an "all or nothing" defense with respect to the more serious charge of assault by strangulation. "The decision to proceed with an all or nothing defense is a legitimate trial strategy" in the context of a claim of ineffective assistance of counsel. See *People v Nickson*, 120 Mich App 681, 687; 327 NW2d 333 (1982). While such a defense may present certain risks, this Court will not second-guess matters of strategy or use the benefit of hindsight when assessing counsel's competence. Based on our review of the record, defendant has not established that his counsel's performance fell below an objective standard of reasonableness. See *Uphaus*, 278 Mich App at 185.

-3-

## C. HABITUAL-OFFENDER NOTICE

Defendant next argues that he is entitled to be resentenced as a nonhabitual offender because the prosecutor failed to file a proof of service of its notice of intent to enhance defendant's sentence under MCL 769.12. The interpretation and application of statutes and court rules are questions of law that we review de novo. *People v Williams*, 483 Mich 226, 231; 769 NW2d 605 (2009). We conclude that the failure of the prosecutor to file a proof of service was harmless error.

If a prosecutor seeks to enhance a defendant's sentence under MCL 769.12, the prosecutor must file "a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense." MCL 769.13(1); see also MCR 6.112(F). "The notice shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1)." MCL 769.13(2). The prosecutor must also file a "written proof of service with the clerk of the court." *Id.* The purpose of the notice requirement "is to provide the accused with notice, at an early stage in the proceedings, of the potential consequences should the accused be convicted of the underlying offense." *People v Morales*, 240 Mich App 571, 582; 618 NW2d 10 (2000) (cleaned up).

In *People v Head*, 323 Mich App 526; 917 NW2d 752 (2018), this Court recently addressed the same argument that defendant makes here. In *Head*, the prosecutor did not file a proof of service of the notice of intent, but provided the defendant actual notice of the intent to enhance his sentence by including the notice in the felony information and by notifying the defendant of the proposed sentence enhancement at the preliminary examination. *Id.* at 544. This Court concluded that the prosecutor's failure to file the proof of service was harmless error because the defendant had actual notice of the prosecutor's intent to seek the enhanced sentence and because the defendant was not prejudiced by the failure of the prosecutor to file the proof of service. *Id.* at 543-544.

In this case, it is undisputed that the prosecutor failed to file a proof of service with the court clerk within 21 days after the filing of the information, as required by MCL 769.13(1). But at a pretrial hearing, at which the defendant was present, the prosecutor stated on the record that defendant was charged as a habitual offender. Later during the same hearing, defendant's attorney acknowledged the potential enhanced sentence. Thus, defendant had actual notice that if convicted, he faced a 25-year minimum sentence. Under this Court's decision in *Head*, defendant had actual notice of the sentence enhancement and, given the amount of time between when he had notice and the start of trial, he was not prejudiced by the prosecutor's failure to file the proof of service.

Defendant cites *People v Straughter*, unpublished per curiam opinion of the Court of Appeals, issued April 11, 2017 (Docket No. 328956), in support of his argument that defendant should be resentenced as a nonhabitual offender because the proof of service was not filed.[1] In

---

[1] *Straughter* is an unpublished decision and is not binding on this Court. See *People v Daniels*, 311 Mich App 257, 268 n 4; 874 NW2d 732 (2015).

*Straughter*, the prosecutor failed to file a written proof of service, and there was no evidence in the record that the defendant received actual notice of the sentence enhancement. *Id*. at 9 n 10. This Court concluded that the prosecutor's failure to file a proof of service of the notice of intent required that the defendant be resentenced as a nonhabitual offender. *Id*. at 10. This Court came to that conclusion on the basis of its review of Supreme Court orders reversing this Court's decisions in *People v Cobley*, unpublished per curiam opinion of the Court of Appeals, issued April 20, 1999 (Docket No. 204155), vacated and remanded 463 Mich 893 (2000), and *People v Muhammad*, unpublished per curiam opinion of the Court of Appeals, issued July 29, 2014 (Docket No. 317054), vacated and remanded 498 Mich 909 (2015). *Straughter*, unpub op at 9-10. Regardless of whether *Head* can be harmonized with the orders in *Cobley* and *Muhammad*, this Court is bound by *Head*, which is clear precedent that holds that the failure to file a proof of service of the notice of intent is harmless error where the "defendant had actual notice of the prosecutor's intent to seek an enhanced sentence and defendant was not prejudiced in his ability to respond to the habitual-offender notification." *Head*, 323 Mich App at 544. Thus, under *Head*, we affirm defendant's sentence as a fourth-offense habitual offender.

## D. PRESENTENCE-INVESTIGATION REPORT

Lastly, defendant challenges two items in his PSIR: the description of his domestic violence offense as "Domestic Violence and/or Assault Pregnant Individual—2nd"; and the inclusion of a victim-impact statement by the victim's father. Defendants have "the right to the use of accurate information at sentencing." *People v McAllister*, 241 Mich App 466, 473; 616 NW2d 203 (2000). "The trial court's response to a claim of inaccuracies in the presentence investigation report is reviewed for an abuse of discretion." *People v Waclawski*, 286 Mich App 634, 689; 780 NW2d 321 (2009). A court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes. *Id*. The interpretation and application of statutes and court rules are questions of law that we review de novo. *Williams*, 483 Mich at 231.

Defendant argues that the description of his domestic-violence conviction as "Domestic Violence and/or Assault Pregnant Individual—2nd" is inaccurate. Defendant was convicted under MCL 750.81(2), which relates to a domestic-violence offense. The next subsection in MCL 750.81, which is subsection (3), makes it a crime to assault or assault and batter an individual who is pregnant. MCL 750.81(3). While the description of the offense as "Domestic Violence and/or Assault Pregnant Individual—2nd" in the PSIR may be moderately confusing, it is not necessarily inaccurate, given the use of the "and/or" conjunctions. Yet, the quoted description in defendant's PSIR is accompanied by the Prosecuting Attorneys Coordinating Council (PACC) code of "750.813," referring to MCL 750.81(3) (assault on a pregnant individual). When the description of the offense and the PACC code are read together, the PSIR does certainly suggest that defendant was convicted of assaulting a pregnant individual, which is not factually accurate. Although it is clear that the trial court was aware at sentencing that the victim was not pregnant at the time of the offenses, the contents of the PSIR "could have consequences in prison and with the parole board." *People v Maben*, 313 Mich App 545, 555; 884 NW2d 314 (2015). Thus, we remand this case to the trial court solely for the ministerial task of correcting the PSIR to omit the references to assaulting a pregnant individual. *Id*.

Defendant also challenges the inclusion of the victim-impact statement from the victim's father in the PSIR. This argument is without merit.

-5-

"MCL 780.764 and 780.765 grant individuals who suffer direct or threatened harm as a result of a convicted individual's crime the right to submit an impact statement both at the sentencing hearing and for inclusion in the PSIR; however, the right is not limited exclusively to the defendant's direct victims," *Waclawski*, 286 Mich App at 691, "but may also include others, such as family members," *People v Lampe*, 327 Mich App 104, 123; 933 NW2d 314 (2019). In *Lampe*, we concluded that the trial court did not abuse its discretion when it permitted the victim and the victim's parents to submit victim-impact statements for inclusion in the PSIR. *Id*. at 123-124. Thus, the per se inclusion of the victim-impact statement in question is not improper, and we reject defendant's request to remand for the purpose of striking the statement.

We also reject defendant's challenges to the portions of the father's victim-impact statement that relate to conduct that was not addressed at trial, including an alleged assault on the victim's son. "A judge preparing to sentence a defendant may consider comments made by the defendant to the probation officer during the presentence interview in addition to evidence adduced at trial, public records, hearsay relevant to the defendant's life and character, and other criminal conduct for which the defendant has not been charged or convicted." *Morales v Parole Bd*, 260 Mich App 29, 46; 676 NW2d 221 (2003). Specifically, the PSIR "may include information about a defendant that was not admissible nor admitted at defendant's trial or plea including hearsay, character evidence, prior convictions or alleged criminal activity for which defendant was not charged or convicted." *People v Fleming*, 428 Mich 408, 418; 410 NW2d 266 (1987). Thus, the inclusion of the challenged portions of the father's statement in the PSIR was not improper, and we deny defendant's request to remand for the purpose of striking it.

## III. CONCLUSION

We affirm defendant's convictions and sentence, but remand for the ministerial task of correcting the description of the domestic-violence offense in defendant's PSIR. We do not retain jurisdiction.

/s/ Jonathan Tukel
/s/ Jane E. Markey
/s/ Brock A. Swartzle